UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL K. GRIFFIN,

                    Plaintiff,                          Case Number 12-13400
v.                                                      Honorable David M. Lawson

PHILLIP STURTZ, MICHAEL THOMAS,
and LEONARD BORRELLO,

                    Defendants,
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Darryl Griffin is presently in the custody of the Michigan Department of Corrections. He has filed the present lawsuit against his former court-appointed defense attorney, a state prosecutor, and a state trial judge, all presumably involved in the state court criminal case that led to the plaintiff's present incarceration. Griffin also has asked to proceed without prepayment of fees and for appointment of counsel. The Court has screened the complaint in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and concludes that dismissal is warranted.

According to the plaintiff's lawsuit papers, the plaintiff was charged in state court with assault with intent to commit murder and lesser offenses. He pleaded no contest to one or more of the charges and was sentenced to prison. The complaint alleges that the plaintiff's minimum sentence is disproportionate to his offense, his trial counsel was constitutionally ineffective, the prosecutor committed acts of misconduct, and the trial judge allowed the misconduct to occur. The plaintiff alleges that the defendants' conduct caused him "mental distress, mental anguish, pain and suffering," and he seeks "the sum of five-million dollars ($5,000,000); and twenty-five million dollars ($25,000,000) in punitive damages." He also wants the state trial judge to resentence him.

When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). In addition, in the Prison Litigation Reform Act (PLRA), Congress mandated that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added)).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). "The leniency granted to *pro se* [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state

-2-

a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

The plaintiff appears to allege that his civil rights have been violated by the defendants. A person alleging a violation of constitutional rights can bring an action in court under 42 U.S.C. § 1983. To recover under section 1983, a civil rights plaintiff must plead and prove that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

The plaintiff's complaint is subject to dismissal under sections 1915(e)(2)(B) and 1915A(a) for several reasons. First, the plaintiff is asking for a judgment awarding money damages arising from his criminal conviction or wrongful imprisonment, but he is unable to obtain such damages without showing first that his criminal conviction has been overturned. To recover money damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff suing under section 1983 must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). In *Heck*, the Supreme Court held that a prisoner could not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" as long as the underlying conviction remained intact. *Id.* at 486. The Court held that such a claim was barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 487. The Court expressly rejected the plaintiff's claim for damages for a prosecution that he claimed was unconstitutional. *Id.* at 490.

"'[A] state prisoner's § 1983 action is barred . . . — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Thomas v. Eby*, 481 F.3d 434, 439 (6th Cir. 2007) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)). Because the plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted.

Second, the plaintiff is seeking to have his criminal convictions vacated or his sentence reduced in this civil rights action, but the civil rights complaint is subject to dismissal because the petitioner's sole remedy for that type of relief is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *see also Bey v. Gulley,* No. 02-71395, 2002 WL 1009488, at *2 (E.D. Mich. May 6, 2002). This Court will not convert this civil rights case into a petition for a writ of habeas corpus on its own. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

Third, the plaintiff's suit against Phillip Sturtz, his court-appointed counsel, must be dismissed because it fails to state a claim upon which relief can be granted under section 1983. Court-appointed attorneys or public defenders acting as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317 (1981).

Fourth, the plaintiff cannot maintain an action for damages against the prosecutor and the judge involved in his criminal case because they are immune from suit. In *Barrett v. Harrington*, 130 F.3d 246, 264 (6th Cir. 1997), the court determined that judges, when performing judicial functions, are entitled to absolute immunity from suits for money damages. Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge takes action in the absence of jurisdiction, which is not the case here. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted).  As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity.  *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003).

The complaint in this case, such as it is, appears to focus on the prosecutorial and adjudicative roles of the state prosecutor and judge.  Those individuals, therefore, are immune from suit.

When a prisoner's civil rights claim is barred by the rule in *Heck v. Humphrey*, the appropriate course for a federal district court is to dismiss the case without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).  However, the Court in this case also finds that the plaintiff has not asserted a cognizable claim against Sturtz and his claims against the prosecutor and judge are barred by immunity doctrines.  Therefore, the complaint will be dismissed with prejudice as meritless.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the motion for appointment of counsel [dkt. #3] is **DENIED as moot**.

s/David M. Lawson            
DAVID M. LAWSON  
United States District Judge

Dated:   August 29, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on August  29, 2012.

s/Deborah R. Tofil            
DEBORAH R. TOFIL
